UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON JAMES WHITED, CDCR# BS0611,<br><br>          Plaintiff,<br><br>vs.<br><br>YOUNG, ELIZABETH HACKETT, ADAM LANGKOWSKI, JESUS MANABAT,<br><br>          Defendants. | Case No.: 3:23-cv-01299-JES-MSB<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**[ECF No. 1]** |

Aaron James Whited ("Plaintiff"), a state prisoner proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* ECF No. 1. He has failed, however, to pay the filing fee or apply to proceed *In Forma Pauperis* ("IFP").

**I. Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915(a), an action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP. *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to

1  proceed IFP remains obligated to pay the entire fee in "increments" or "installments,"
2  *Bruce v. Samuels*, 577 U.S. 82, 83-84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185
3  (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. §
4  1915(b)(1)-(2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Pursuant to § 1915(a)(2), all persons seeking to proceed without full prepayment of fees must demonstrate an inability to pay by submitting an *affidavit* that includes a statement of all assets possessed. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, prisoners like Plaintiff must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). It is from the certified trust account statement that the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless he has no assets. *See* 28 U.S.C. § 1915(b)(1), (b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

Here, Plaintiff has not paid the filing fee required to commence a civil action, nor has he filed a Motion to Proceed IFP. While he has submitted a copy of his trust account statement (ECF No. 2), this statement, by itself, is insufficient to comply with § 1915, which requires *both* the affidavit, 28 U.S.C. § 1915(a)(1), *and* a certified copy of his trust fund account statement, 28 U.S.C. § 1915(a)(2). Therefore, Plaintiff's case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Cervantes*, 493 F.3d at 1051.

## II.   Conclusion and Order

For the reason explained above, the Court:

(1)   **DISMISSES** this action *sua sponte* without prejudice for failing to pay the

$402 civil filing and administrative fee or to submit a motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a), 1915(a); and

(2) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to re-open this case by: (1) prepaying, in full, the entire $402 civil filing and administrative fee required by 28 U.S.C. § 1914(a); or (2) completing and filing a Motion to Proceed IFP which includes *both* the affidavit and the certified copies of his trust account statement for the 6-month period preceding the filing of his Complaint required by 28 U.S.C. § 1915(a)(1), (2) and S.D. Cal. CivLR 3.2(b).[1]

(3) **DIRECTS** the Clerk of Court to provide Plaintiff with a Court approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis."

**IT IS SO ORDERED.**

Dated: August 14, 2023

_____
Hon. James E. Simmons
United States District Judge

---

[1] If Plaintiff fails to meet either avenue of satisfying the filing fee requirement, this case will remain dismissed without prejudice, 28 U.S.C. § 1914(a), and will *not* count as a "strike" against Plaintiff under 28 U.S.C. § 1915(g).