**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AARON JAMES WHITED,<br><br>                        Plaintiff,<br><br>v.<br><br>YOUNG, ELIZABTH HACKET, ADAM LANGKOWSKI, JESUS MANABAT,<br><br>                        Defendants. | Case No.:  3:23-cv-1299-JES-MSB<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No 6.] and**<br><br>**(2) DISMISSING CIVIL ACTION AS FRIVOLOUS PURUSANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

## I.    INTRODUCTION

On July 7, 2023, Plaintiff, Aaron James Whited ("Plaintiff" or "Whited"), an inmate proceeding pro se, filed a civil action pursuant to 42 U.S.C. § 1983. ECF No. 1. On August 14, 2023, the Court dismissed the action because Whited had not prepaid the $402 civil filing fee required by 28 U.S.C. § 1914(a) and had not filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 4. In its Order, the Court gave Whited 45 days to either pay the fee or move to proceed IFP. *Id.* Whited filed a Motion to Proceed IFP on August 20, 2023. ECF No. 6. For the reasons

discussed below, the Court **GRANTS** Plaintiff's IFP motion and DISMISSES the Complaint as frivolous.

## II.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners seeking to establish an inability to pay must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1) & (4). Prisoners who proceed IFP must repay the entire fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his IFP Motions, Plaintiff provided copies of his trust account statements. ECF Nos. 2, 7. During the months prior to filing suit, Plaintiff had an average monthly balance of $20.04, average monthly deposits of $60.00, and an available account

---

[1]   In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2021)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

balance of $0.04. at the time he filed suit. ECF No. 2. Accordingly, Plaintiff's IFP motion is **GRANTED**. While the Court assesses no initial payment, Plaintiff will be required to pay the full $350 filing fee in installments to be collected from his trust account as set forth in 28 U.S.C. § 1915(b)(2).

### III.   SCREENING PURSUANT TO 28 U.S.C. § 1915(e) AND § 1915A(b)

**A.   Legal Standards**

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 40 U.S. 386 U.S. 386, 393–94 (1989) (internal quotation marks omitted). "To establish § 1983 liability, a plaintiff must show both (1)

deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Plaintiff's Allegations

In his Complaint, Plaintiff names four defendants: Judge Young, who presisded over a criminal case involving Plaintiff in Indiana; Adam Langkowski, an attorney hired by Plaintiff's mother to "work in [his] wrongful imprisonment case;" Elizabeth Hackett, Plaintiff's mother; and Jesus Manabat, who Plaintiff's describes as a "private contractor." *See* ECF No. 1 at 2.

The legal claims and factual allegations contained in the Complaint are somewhat rambling and disjointed. In his first claim, Plaintiff states he was denied the "right to make an everlasting and forthright impression on somebody." *Id.* at 3. Among other things, Plaintiff states that Judge Young sentenced him to a lengthy prison sentence after "conspir[ing] to imprison [him] in [a] ploy to steal [his] DNA." *Id.* As to his second claim, Plaintiff alleges he was denied access to courts by Langkowksi, who was hired by Hackett (Plaintiff's mother). *Id.* at 4. In support of the claim, Plaintiff references a "personal injury contract" and states he is "suffering whole heartedly from micro-aneurysms" and "close-circuitedness [sic]." *Id*. Plaintiff goes on to allege that his "third eye powers . . . are being stolen." *Id.* In his third claim, Plaintiff contends his right to be free from cruel and unusual punishment was violated by Manabat, who he describes as a "torture expert." *Id.* at 5. Plaintiff claims Manabat "wiretapped [him] very bad on purpose" and that his "DNA is highly sought after" by the government. *Id.* Plaintiff seeks $400 million in damages. *Id.* at 7.

### C. Discussion

Plaintiff filed suit invoking federal jurisdiction pursuant to 42 U.S.C. § 1983, but "[Section] 1983 'is not itself a source of substantive rights,'" and "merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S.

386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

The Court finds Whited's suit is frivolous. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted). A pleading is "factual[ly] frivolous[ ]" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25–26 (1992). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact . . .. [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations," *id.* at 327, to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional.'" *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 328).

Here, Whited's allegations are rambling, disjointed, and incoherent. The Complaint includes a list of unsubstantiated fanciful and conspiratorial assertions. Plaintiff refers to himself as "a religious figure to Mexican and ethnic people," with "third eye powers" and states he has an "innate ability to obtain lost artifacts from the war." ECF No. 1 at 4, 5. The Complaint also includes references to "underwater submersible extortion," "pretransfusion" and "teleportation." *Id.* at 4, 5. In sum, the Complaint lacks any "short

and plain statement of the claim showing that [he] is entitled to [any] relief" arguably based on law or fact.[2] *See* Fed. R. Civ. P. 8(a)(2); *Neitzke*, 490 U.S. at 325. When taken together with the exorbitant amount of damages he seeks, the Court finds this action "lacks serious purpose or value." *See Johnson v. Paul*, No. 20-CV-2174-JLS (WVG), 2020 WL 6825673, at *2 (S.D. Cal. Nov. 20, 2020) (dismissing pro se § 1983 complaint seeking to sue the Pope, a U.S. Senator, the Secretary of State, and several Presidents for having committed "human trafficking crimes, Biblical crimes . . . extortion, conspiracies [and] public kidnappings" *sua sponte* as frivolous pursuant to 28 U.S.C. § 1915(e)(2)). Therefore, the Complaint is dismissed as frivolous.

## IV.   CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

1. **GRANTS** Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST CLEARLY IDENTIFY THE NAME AND CASE NUMBER ASSIGNED TO

---

[2] The Court also notes that three of the individuals named as defendants—Hackett, Manabat and Langkowski—appear to be private citizens and thus not acting under the color of state law, as required under § 1983. *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) ("We start with the presumption that conduct by private actors is not state action"); *Dominguez v. Varnell*, No. 17-cv-2652-KAW, 2017 WL 7243596, at * 1 (N.D. Cal. Nov. 1, 2017) (stating that private individuals and entities, not affiliated with a state or municipal government, are generally presumed to not be acting under color of state law); *Gernard v. Cty. of Sonoma*, 92-cv-4617-BAC, 1994 WL 412432, at *3 (N.D. Cal. June 29, 1994) (stating that private citizen does not act under color of law); *see also Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996) (stating attorneys are private citizens).

THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** the Complaint *sua sponte* and in its entirety as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

5. **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

6. **DIRECTS** the Clerk of the Court to enter a judgment of dismissal and to close the file.

**IT IS SO ORDERED.**

Dated: November 6, 2023

Honorable James E. Simmons Jr.
United States District Judge